IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK OTIS NELSON,

    Plaintiff,                              No. CIV S-09-0308 FCD KJM P

   vs.

R.N. MURPHY, et al.,

    Defendant.                           <u>ORDER TO SHOW CAUSE</u>

/

         Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. He has filed a motion for clarification based on orders that have issued in this case and in CIV S-08-2481 FCD KJM P. The court previously deemed the two cases to be related within the meaning of Local Rule 83-123(a)[1] and assigned both to the same presiding judge and magistrate judge. See Docket No. 12.

         The court ordered service of the first amended complaint, filed on April 22, 2009, in the earlier-filed case, CIV S-08-2481 FCD KJM. However, the order of service was erroneously labeled with the case number of this action, CIV S-09-0308 FCD KJM P. See Docket No. 14 (ordering service of the amended complaint filed April 22, 2009, even though no

---

[1] The local rule governing related cases is now Local Rule 123, effective March 3, 2010.

1

amended complaint has been filed in CIV S-09-0308 FCD KJM P).  It was thus erroneously docketed in this action, while the defendants were properly served with the first amended complaint in CIV S-08-2481 FCD KJM.  The defendants in that case have now answered the first amended complaint and correctly filed it in CIV S-08-2481 FCD KJM.  Meanwhile, there has been no screening of the complaint or effective order of service in this case even though the docket reflects such an order having issued on November 12, 2009.

Although the complaint in this action omits one of the two defendants named in CIV S-08-2481 FCD KJM, it substantially duplicates the allegations and claims in that earlier-filed action.  "A suit is duplicative if the claims, partes, and available relief do not significantly differ between the two actions."  Adams v. California Dept. of Health Services, 487 F.3d 684, 689 (9th Cir. 2007).  However, the exhibits attached to the complaint in this case suggest that plaintiff filed a duplicative suit because his claims may not have been exhausted until January 7, 2009, approximately two-and-a-half months after plaintiff filed the original complaint in CIV S-08-2481 FCD KJM.  See Complaint at 9 (Docket No. 1).[2]  If the claims in the earlier-filed case were not exhausted when plaintiff instituted that lawsuit, they would be subject to dismissal upon a timely motion by the defendants in that case.  Given that defendants have pled failure as an affirmative defense in their answer filed in CIV S-08-2841 FCD KJM, they have preserved their ability to seek dismissal even at trial.[3]

Regardless of plaintiff's reason for filing this action, the court has discretion to dismiss it as duplicative, to stay it pending resolution of the earlier-filed action, to enjoin the

---

[2] Page numbers are those assigned by the court's CM/ECF system.

[3] All steps of the prison grievance process must be completed before a civil rights action is filed.  Exhaustion during the pendency of the litigation will not save an action from dismissal.  McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).  Thus an amended complaint filed after the completion of the grievance process cannot cure an exhaustion deficiency that existed when the suit was originally filed.  Still, failure to exhaust is an affirmative defense; a prisoner need not plead exhaustion in his complaint.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

2

1 parties from proceeding with it, or to consolidate the two cases.  See Adams, 487 F.3d at 688.
2 On the record before it, the court finds the most equitable course is to order plaintiff to show
3 cause why this action should not be dismissed as duplicative.[4]  Plaintiff will have twenty-one
4 days in which to show cause why this case should not be dismissed as duplicative of CIV S-08-
5 2481 FCD KJM.  The court will hold the motion for clarification in abeyance until plaintiff
6 complies with this order.

7      Accordingly, IT IS HEREBY ORDERED that plaintiff has twenty-one days from
8 the entry of this order in which to show cause why this case should not be dismissed as
9 duplicative of CIV S-08-2481 FCD KJM.

10 DATED: May 3, 2010.

_____
U.S. MAGISTRATE JUDGE

4
nels308.osc

---

[4] If plaintiff has in fact filed this case in order to avoid problems caused by non-exhaustion in CIV S-08-2481 FCD KJM, it appears without deciding that plaintiff is not precluded from seeking dismissal of this action in accordance with Federal Rule of Civil Procedure 41(a).