1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PATRICK OTIS NELSON,

11              Plaintiff,                    2: 09-cv-0308 KJM CKD P

12         vs.

13   MURPHY,

14              Defendant.                    <u>ORDER</u>

15   _____/

16              Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. §

17   1983.  Petitioner's amended pre-trial statement was due on April 30, 2012 after petitioner

18   received two extensions of time to file the amended pre-trial statement.[1]  After that April 30,

19   2012 cutoff date, petitioner was transferred to another prison.  Subsequently, on June 7, 2012,

20   petitioner filed a notice of a change of address as well as a request for a thirty-day extension of

21   time to file his amended pre-trial statement.  (<u>See</u> Dkt. No. 62.)  While petitioner's request for an

22   extension of time to file an amended pre-trial statement was filed a month after the April 30,

23   2012 cutoff date, good cause appearing, his request for an additional thirty days to file the

24   amended pre-trial statement will be granted.  However, plaintiff is notified that any further

25   _____

26         [1] Plaintiff was ordered to file an amended pre-trial statement after it was determined that
his initial pre-trial statement did not comply with Local Rule 281.  (<u>See</u> Dkt. No. 55.)

1  requests for extensions of time to file an amended pre-trial statement are discouraged and may be

2  denied as plaintiff has now been given six months to file his amended pre-trial statement.

3          Plaintiff has also filed a motion requesting the appointment of counsel.  (See Dkt.

4  No. 63.)  The United States Supreme Court has ruled that district courts lack authority to require

5  counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court,

6  490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

7  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935

8  F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

9  In the present case, the court does not find the required exceptional circumstances.  Therefore,

10  the motion will be denied.

11          Accordingly, IT IS HEREBY ORDERED that:

12          1.  Plaintiff's request for an extension of time (Dkt. No. 62.) is GRANTED;

13          2.  Plaintiff is granted thirty days from the date of this order in which to file an

14  amended pre-trial statement; and

15          3.  Plaintiff's motion for the appointment of counsel (Dkt. No. 63.) is DENIED.

16   Dated: July 19, 2012

17                                              _____

18                                              CAROLYN K. DELANEY
                                                UNITED STATES MAGISTRATE JUDGE

19

20

21

22  7

    nels0308.36.31

23

24

25

26

2